IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) 1:07cr252(LMB) |
| | ) 1:10cv893 (LMB) |
| BILAL SALEEM, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM OPINION

The defendant pro se, Bilal Saleem, has filed a rambling, nearly indecipherable Application for Habeas Corpus [Dkt. No. 397], which can best be construed as a motion under 28 U.S.C. § 2255. Besides failing to allege any constitutional defect in his conviction or sentence, this motion is time-barred. Accordingly, it will be dismissed for the reasons discussed in more detail below.[1]

I. BACKGROUND

On October 3, 2007, Saleem, who was represented by retained counsel, pled guilty to Counts 1 and 7 of the Superseding Indictment, which respectively charged conspiracy in violation of 18 U.S.C. § 371 and mail fraud in violation of 18 U.S.C. § 1341. On December 14, 2007, Saleem was sentenced to 60 months

---

[1] When a § 2255 motion is filed "the judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Rule 4(b) of the Federal Rules Governing Section 2255 Proceedings.

incarceration on Count 1, to run concurrently with 78 months incarceration on Count 7, followed by three years of supervised release, concurrent on each count. Saleem did not file an appeal of either his conviction or sentence, which became final on December 14, 2007.[2] On January 8, 2010, Saleem's term of imprisonment was reduced to 48 months concurrent as to each count, as a result of a Fed. R. Crim. P. 35(b) motion being granted. All other terms and conditions of the original sentence remained in full force and effect. He filed his § 2255 motion on August 9, 2010.

## II. DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a prisoner must file his § 2255 motion "from the latest of -

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered

---

[2] The restitution aspect of the final judgment remained open and a final restitution judgment was entered on February 25, 2008. Even if that date were considered the date Saleem's convictions became final, the § 2255 motion would still be untimely.

2

through the exercise of due diligence."

In the Fourth Circuit, the reduction of a sentence upon granting a Rule 35(b) motion does not start the one year time period. See United States v. Sanders, 247 F.3d 139, 142-44 (4th Cir. 2001) (unappealed sentence is final on the date imposed regardless of whether there is a subsequent sentence reduction under Rule 35(b) because defendant cooperated). For these reasons the Motion is time-barred and must be dismissed.[3]

Even if not time-barred, this motion must be dismissed as meritless. To be entitled to relief under § 2255, a prisoner must demonstrate either a lack of jurisdiction by the convicting court, a constitutional error, or a legal error so grave as to be a "fundamental defect which inherently results in a complete miscarriage of justice." United States v. Addonizio, 442 U.S. 178, 185 (1979). It is only these "fundamental" or constitutional errors that a court may consider on collateral review.

The only issue Saleem raises in the motion is a rambling argument that the supervised release portion of his sentence is illegal. He bases that argument on the claim that "[s]upervised

---

[3] The Court recognizes that a pro se prisoner should be allowed to show whether equitable tolling applies to his case; however, because the substantive issue in this § 2255 motion is meritless, the Motion would be dismissed on its merits even if timely filed. Therefore, addressing any tolling issue would be futile.

release is not listed in the law dictionaries, as are probation and parole. This fact itself tells us it's a different kind of sentence." See Motion at ¶¶ 9 and 10. He then goes on to argue that "Sentences are limited to terms of probation, fines or imprisonment. There is no authority under criminal charges for a sentence to supervised release." Id. at ¶ 20.

Contrary to Saleem's arguments that there is no authority to impose a term of supervised release, 18 U.S.C. § 3583(a) provides that " . . . the Court in imposing a sentence to a term of imprisonment . . . may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment." The period of supervised release is governed by the class of the offense of conviction and the statutory maximum term of imprisonment for the particular offense. Saleem was convicted of conspiracy, under 18 U.S.C. § 371, for which there is a maximum term of five years imprisonment. Under 18 U.S.C. § 3581(b)(4), that offense is classified as a Class D felony, for which under 18 U.S.C. § 3583(b)(2) not more than three years of supervised release is authorized. The second count of conviction was for mail fraud under 18 U.S.C. § 1341, for which the maximum term of imprisonment is 20 years. Under 18 U.S.C. § 3581(b)(2) that offense is classified as a Class B felony, for which under 18 U.S.C. § 3583(b)(1) the maximum term of supervised release is not

more than five years.

As the record clearly shows, Saleem's sentence included three years of supervised release on each count, run concurrently. Because that portion of his sentence was within the statutory limits set by Congress, Saleem has no basis for any claim that his sentence violates the Constitution or any laws of the United States.

To the extent he is trying to argue that the addition of a term of supervised release constitutes some sort of violation of the right to be free from double jeopardy, that argument has been rejected by the Fourth Circuit. The Fourth Circuit clearly holds that the district courts have authority to impose a period of supervised release when a sentence includes incarceration. See United States v. Dotson, 324 F.3d 256, 260 (4th Cir. 2003) ("District courts have broad latitude to impose conditions on supervised release," which are reviewed on appeal only for abuse of discretion.); United States v. Pierce, 75 F.3d 173, 178 (4th Cir. 1996) (sentence of 30 days incarceration, followed by one year of supervised release upheld even though statute carried a 60-day maximum for any period of incarceration).

### III. CONCLUSION

Given the clear statutory and judicial authority recognizing the legitimacy of a period of supervised release being included in a sentence of incarceration, there is no merit to Saleem's

collateral attack on that portion of his sentence, and his § 2255 motion will therefore be dismissed by an Order issued with this Memorandum Opinion.

Entered this 15th day of November, 2010.

Alexandria, Virginia

/s/ ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
Leonie M. Brinkema
United States District Judge